IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

YARRELL REAL,
*Propria Persona*,

        **Plaintiff,**

                                                   **Civil Action No. 2:25-cv-00178**

**v.**

**STATE OF WEST VIRGINIA,** *a State entity*,
**JACKSON COUNTY SHERIFF DEPARTMENT,**
*including its officers and agents*,
**KYLE MOORE,** *also known as David Kyle Moore*,
**ASSISTANT PROSECUTOR DAVID WAYNE HANCOCK, JR.,**
*also known as Wayne Hancock*,
**COURT CLERK BRUECE DEWEES,**
**RETAINED ATTORNEY GEORGE J. COSENZA,**
**JUDGE LORA ANN DYER,**
**JUDGE R. CRAIG TATTERSON,** *also known as Richard Craig Tatterson*,
**RETAINED ATTORNEY ANDREW COURTENAY CRAIG,**
**RETAINED ATTORENY MICHAEL CAREY,**
**PUBLIC DEFENDER JOHN J. BALENOVICH,**
**DEPUTY JONATHAN BRIAN THOMPSON,** *in his/her official capacity, and*
**JACKSON COUNTY COURT ARRESTING BALIFFS,**
**SOUTH CENTRAL REGIONAL JAIL, JUDICIAL OFFICERS,**
**WARDEN, ADMINISTRATOR, MEDICAL STAFF,** *e.g.*,
**WEST VIRGINIA DEPARTMENT OF CORRECTION OR**
**JUDICIAL OFFICERS,**

        **Defendants.**

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

Pending before the Court is the Plaintiff's ***Application to Proceed Without Prepayment of***

***Fees or Costs*** (ECF No. 1). By Standing Order, this matter was referred to the undersigned United

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the "Civil

Complaint" (ECF Nos. 2, 2-1), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL ALLEGATIONS

The Plaintiff asserts federal question pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983 as the bases for this Court's jurisdiction, stating that she is suing the Defendants for violating the Plaintiff's constitutional rights, for negligence and wrongful infliction of emotional distress. (ECF No. 2 at 2) The Plaintiff states that the Defendants, "through their actions and omissions – including but not limited to improper or inadequate oversight, misconduct, and failure to ensure due process – have conspired and negligently contributed to a pattern of constitutional violations." (Id.) The Plaintiff asserts that this has burdened her "with undue hardship in her role as a concerned parent and legal representative for her son." (Id.) The Plaintiff indicates that "through a duly executed Power of Attorney, the representative of her son, BELL, JAYLEN DALAINO, who has been subjected to unlawful detention, procedural irregularities, and deprivation of due process in the criminal justice system of West Virginia." (Id. at 3)

Specifically, the Plaintiff alleges four counts against the Defendants: first, "Wrongful Infliction of Emotional Distress" due to the Defendants' negligent and intentional actions and failure to act when required; second, "Negligence and Breach of Statutory Duty" due to the Defendants' breach of their duties to the public "to enforce the constitutional and statutory rights

---

[1] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

of all citizens", to ensure fairness in judicial proceedings, "to investigate or remedy the known patterns of misconduct and constitutional violations", and that as a proximate result of their breach, the Plaintiff has suffered emotional distress, financial losses, and additional burdens related to securing legal counsel and redress; third, "Violations of Civil Rights Under 42 U.S.C. § 1983", due to Defendants' acting under color of law, deprived the Plaintiff of her constitutional rights, "by permitting and facilitating the wrongful treatment of her son and by failing to ensure a fair legal process"; and fourth, "Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)", the Defendants conspired to obstruct the constitutional rights of the Plaintiff and her son. (Id. at 4)

The Plaintiff seeks declaratory relief, that the Defendants violated the Plaintiff's constitutional rights as well as their statutory duties; injunctive relief, that the Defendants be required to implement comprehensive oversight measures, ensure accountability for misconduct, and provide a remedy for constitutional violations; compensatory and punitive damages; the Plaintiff's costs and attorney's fees; and for any other relief this Court deems just and proper. (Id. at 5)

## THE STANDARD

Because the Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. <u>Nancy v. Kelly</u>, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id.</u>, 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in

---

[2] <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978).

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As an initial matter, it is readily apparent that the Plaintiff does not have standing to bring this action on her son's behalf, notwithstanding her alleged "duly executed Power of Attorney". Additionally, the Plaintiff may not litigate on behalf of her son's alleged constitutional violations during his state criminal proceedings even if she were acting as his guardian ad litem or "next friend" pursuant to Federal Rule of Civil Procedure 17(c), as she would still need to obtain legal

counsel.[3] See <u>Myers v. Loudoun Co. Pub. Sch.</u>, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims). Further, even though the Plaintiff seeks monetary compensation, along with a host of other types of relief, it is apparent that the alleged violations of constitutional rights belonged to her son and do not relate to any action or inaction by these Defendants that was done to the Plaintiff in violation of her own constitutional rights. See <u>Mills v. Greenville County</u>, 586 F.Supp.2d 480, 488-489 (D.S.C. Apr. 15, 2008); see also, <u>Dean v. Charlotte-Mecklenburg Schools</u>, 2024 WL 2160853 (W.D.N.C. May 14, 2024).

Moreover, while the Plaintiff alleges federal question as the basis for this Court's jurisdiction, this is merely a civil suit for negligence, intentional infliction of emotional distress, conspiracy and other torts, which the Plaintiff attempts to couch in terms of constitutional violations; these claims do not relate to any federal law, treaty or provision of the U.S. Constitution. Accordingly, this Court would not have jurisdiction over the Plaintiff's claims pursuant to Section 1331.[4] Nevertheless, to the extent the Plaintiff has asserted a claim pursuant to 42 U.S.C. § 1983,

---

[3] Further, there is no evidence before this Court that the Plaintiff's son, Jaylen Dalaino Bell, is incompetent, a minor, or otherwise legally incapacitated, because he has initiated several of his own civil actions in this Court. *See, e.g., Jaylen-Dalaino Bell v. United States Department of the Treasury, et al.*, No. 2:25-cv-00132; *Jaylen Dalaino Bell v. Hon. Judge Carrie L. Webster, et al.*, No. 2:25-cv-00134; *Jaylen Dalaino Bell v. Jackson County Circuit Court, et al.*, No. 2:25-cv-00155; *Jaylen Dalaino Bell v. Wood County, et al.*, No. 2:25-cv-00196; *Jaylen Dalaino Bell v. David Kyle Moore*, No. 2:25-cv-00198.

[4] Additionally, to the extent that the Plaintiff's claims fail under Section 1332, which requires complete diversity of citizenship between the adverse parties, it is noted that the Plaintiff indicates that she is a citizen of Florida, and the Defendants are all West Virginia citizens, however, this Court should decline to exercise jurisdiction over the Plaintiff's claims. See <u>Owen Equip., & Erection Co. v. Kroger</u>, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." <u>Id</u>.; <u>see also</u>, <u>Wisconsin Dept. Of Corrections v. Schacht</u>, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." <u>Frontier Energy Corp. v. Broda</u>, 882 F. Supp. 82, 85 (N.D.W. Va. 1995).

she must establish three elements to state a cause of action: (1) the deprivation of a right secured

by the Constitution or a federal statute; (2) by a person; and (3) acting under color of state law.

Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155–1156 (4th Cir.

1980). In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court found that

"municipalities and other local government units [are] among those persons to

whom § 1983 applies," such that they can be sued directly under § 1983. Id. at 690.

Given that basic premises of federal jurisdiction are limited, the Plaintiff must affirmatively

plead facts supporting jurisdiction. See Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399

(4th Cir. 1999) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780,

80 L.Ed. 1135 (1936) ("the party who seeks the exercise of jurisdiction in his favor . . . must allege

in his pleadings the facts essential to show jurisdiction"). The factual allegations presented here

shows that this Court would also not have jurisdiction over the Plaintiff's claims pursuant to

Section 1331. The Plaintiff does not allege a violation of a federal statute or constitutional

provisions. Viewing the Plaintiff's claims under West Virginia law,[5] the District Court cannot

---

[5] As stated *supra*, the Plaintiff's allegations concern state civil claims including negligence, intentional infliction of emotional distress, and civil conspiracy. More importantly, however, is that Judges Dyer and Tatterson would be entitled to judicial immunity. Bradley v. Fisher, 80 U.S. 335, ___ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed.Appx. 372, 372 (4th Cir. 2006) (quoting *Mireles v. Waco*, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). Assistant Prosecutor Hancock would be entitled to absolute prosecutorial immunity Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); see also, Buckley v. Fitzsimmons, 509 U.S. 259 (1993)( administrative and investigative functions of a state prosecutor entitled to immunity); South Central Regional Jail and the WVDOC are not "persons" for purposes of Section 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Attorneys Cosenza, Craig, Carey, and Balenovich are not "state actors" for purposes of Section 1983. See Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of

consider them under its supplemental jurisdiction because the Plaintiff has failed to state any other

claim for which relief can be granted over which the District Court has original jurisdiction.[6]

Although factual allegations must be accepted as true for purposes of a motion to dismiss,

this principle does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the

complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Though the

Plaintiff has alleged certain torts resulted in constitutional violations, she fails to explain how her

constitutional rights were violated, let alone by any specific Defendant. At bottom, the Plaintiff's

"Civil Complaint" is facially deficient, as it fails to set forth any facts supporting a claim for a

cognizable claim for relief – significantly, the Plaintiff's allegations stem from proceedings

involving her son, not her, and therefore, due to her lack of standing, the undersigned finds this

matter should be dismissed.

---

state law, and therefore is not amenable to suit under § 1983."); Allen v. Campbell, 2019 WL 6936729, * 3 (M.D.N.C. Dec. 19, 2019)(finding that the Public Defender's Office, and those attorneys employed as public defenders, are not state actors); Pretty v. Campbell, 2019 WL 4720983, * 4 (E.D.Va. Sept. 26, 2019)(finding that "[p]rivate attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings"); Kirk v. Curran, 2009 WL 2423971, * 1 (W.D.N.C. Aug. 4, 2009)("neither public defenders nor private criminal attorneys are 'state actors' under 1983"), aff'd, 357 Fed.Appx. 529 (4th Cir. 2009); Curry v. South Carolina, 518 F.Supp.2d 661 (D.S.C. June 20, 2007)(finding that the neither the public defender nor the public defender's office are state actors).

[6] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (Citation omitted.)

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's *Application to Proceed Without Prepayment of Fees or Costs* (ECF No. 1), **DISMISS** the Plaintiff's "Civil Complaint" (ECF Nos. 2, 2-1) and remove this matter from the Court's docket. The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

**ENTER**: April 9, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

10